**Jaswant SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney**

General,[1] Respondent.

No. 03–4861–AG NAC.

United States Court of Appeals,
Second Circuit.

Nov. 7, 2005.

Martin Resendez Guajardo, San Francisco, California, for Petitioner.

Craig S. Morford, United States Attorney; Derri T. Thomas, Assistant United States Attorney, Detroit, Michigan, for Respondent.

PRESENT: LEVAL, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Jaswant Singh petitions for review of the April 2003 order of the BIA denying his motion to reopen his removal proceedings for consideration of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Familiarity with the facts and the procedural history of the case is presumed.

As an initial matter, Singh's petition for review is timely only as to the BIA's April 2003 denial of his motion to reopen. In order to obtain review of the underlying dismissal of his appeal as well as the denial of the motion to reopen, Singh would have had to file two separate petitions for review. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir. 2001). The filing of a motion to reopen does not toll the statutory period for appealing the underlying order. *See id.* Since Singh did not independently appeal

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

from the BIA's January 2003 decision affirming the IJ's removal order within the 30 days specified in 8 U.S.C. § 1252(b)(1), this Court lacks jurisdiction to review the merits of the underlying proceedings and its review is limited to the BIA's denial of the motion to reopen. *See id.*

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *See Iavorski v. INS*, 232 F.3d 124, 128 (2d Cir.2000). The BIA will be deemed to have abused its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Zhao v. United States Dep't of Justice*, 265 F.3d 83, 93 (2d Cir.2001). There are at least three independent grounds on which the BIA may deny a motion to reopen: (1) "failure to establish a prima facie case for the relief sought"; (2) "failure to introduce previously unavailable, material evidence;" and (3) "a determination that, even if these requirements were satisfied, the movant would not be entitled to the discretionary grant of the relief which he sought." *INS v. Doherty*, 502 U.S. 314, 323, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992).

█ In this case, the BIA did not abuse its discretion by denying Singh's motion to reopen. In his motion to reopen, Singh did not establish a prima facie case that he was eligible for asylum, withholding of removal, or CAT relief, because he did not challenge the underlying adverse credibility finding.

For the foregoing reasons, the petition for review is DENIED.